UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

CHRISTINE BROWN,

          Plaintiff,

v.                                    Case No.  5:10-cv-474-Oc-10TBS

CITRUS COUNTY BOARD OF COUNTY
COMMISSIONERS,

          Defendant.
_____

## ORDER

Pending before the Court is the parties' Joint Motion For Entry of Order of Referral of Case to Mediation. (Doc. 18).  Because of limited judicial resources available to try civil cases, and given the nature of this proceeding which suggests that mediation might be of benefit to the parties and the Court, it is imperative that all avenues of settlement be explored prior to trial.  Accordingly, the parties' Motion (Doc. 18) is GRANTED.  In accordance with the rules governing mediation set forth in Chapter Nine of the Rules of the United States District Court for the Middle District of Florida:

IT IS ORDERED THAT:

(A)    Referral to Mediation:    This case hereby is referred to a mediation conference in an attempt to achieve an equitable settlement of the issues.  Pursuant to the parties agreement, the following individual is appointed to serve as mediator in this action:

| | |
|---|---|
| Name: | Frederick D. Smith, Esquire |
| Address: | 4719 NW 53rd Ave, Suite A |
| | Gainesville, FL 32653 |
| Telephone Number/FAX: | (352) 371-2630 |

(B) Conduct of Mediation Conference: The mediation conference shall be conducted in accordance with the procedures outlined in Local Rule 9.01.

(C) Scheduling Mediation Conference: The mediation conference may be conducted any time but must be completed by DECEMBER 30, 2011.

(D) Designation of Lead Counsel: Counsel for Plaintiff is designated as lead counsel and shall be responsible for working with the mediator to coordinate an agreeable date for the mediation conference, within the time frame set forth in paragraph (c) above.

(E) General Rules Governing the Mediation Conference: Although the mediation process is defined in greater detail in Chapter Nine of the Local Rules and the attachment to this Order, the following additional guidelines are imposed upon the mediation process:

1. Case Summaries – Not less than two days prior to the mediation conference, each party shall deliver to the mediator a written summary of the facts and issues of the case.

2. Identification of Corporate Representative – As part of the written case summary, counsel for each corporate party shall state the name and general job description of the employee or agent who will attend and participate with full authority to settle on behalf of the corporate party.

3. Attendance Requirements and Sanctions – Each attorney acting as lead trial counsel, and each party (and in the case of a corporate party, a corporate representative) with full authority to settle, shall attend and participate in the mediation conference. In the case of an insurance company, the term "full authority to settle" means authority to settle for the full value of the claim or policy limit. The Court will impose sanctions upon lead counsel and parties who do not attend and participate in good faith in the mediation conference.

4. Authority to Declare Impasse – Participants shall be prepared to spend as much time as may be necessary to settle the case. No participant may force the early conclusion of a mediation because of travel plans or other engagements. Only the mediator may declare an impasse or end the mediation.

      5.      Restrictions on Offers to Compromise - Evidence of offers to compromise a claim is not admissible to prove liability for or invalidity of the claim or its amount. Fed. R. Evid. 408 (includes evidence of conduct or statements made in compromise negotiations); Local Rule 9.07(b). All discussion, representations and statements made at the mediation conference are privileged settlement negotiations. Except in a supplemental proceeding to enforce a settlement agreement, nothing related to the mediation conference shall be admitted at trial or be subject to discovery. Local Rule 9.07; Fed. R. Evid. 408. A communication between a party and a mediator during a private caucus is also confidential, unless the party tells the mediator that it is not.

(F)    Rate of Compensation: The mediator shall be compensated at an hourly rate consistent with Local Rule 9.02(f), or at a rate stipulated by the parties in advance of mediation and borne equally by the parties.

(G)    Settlement and Report of Mediator: A settlement agreement reached between the parties shall be reduced to writing and signed by the parties and their attorneys in the presence of the mediator. See also Local Rule 9.06(b) and 3.08. Within five days of the conclusion of the mediation conference, the mediator shall file and serve a written mediation report stating whether all required parties were present, whether the case settled, and whether the mediator was forced to declare an impasse. See Local Rule 9.06. The mediator may report any conduct of a party or counsel that falls short of a good faith effort to resolve the case by agreement. See Local Rule 9.05(e), 9.06(a).

DONE AND ORDERED in Ocala, Florida, on August 31, 2011.

Copies with attachments furnished to:

Counsel of Record

THOMAS B. SMITH
United States Magistrate Judge

C